IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 4:23-CR-00270 HEA SPM |
| | ) | |
| JOSEPH R. GUTOWSKI | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF
## GOVERNMENT'S MOTION FOR PRE-TRIAL DETENTION

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jillian S. Anderson, Assistant United States Attorney, and moves the Court to order Defendant detained pending trial pursuant to Title 18, United States Code, Section 3141, 3142(e) and (f)(2) *et seq*. Based on the charges and pursuant to Title 18, United States Code, Section 3142(e)(3)(E), there is a rebuttable presumption that there are no conditions or combination of conditions that will reasonably assure the appearance of the Defendant and the safety of the community. As and for its grounds, the Government states as follows:

The Defendant has been indicted with one count of attempted production of child pornography in violation of 18 U.S.C. §2251(a) and one count of receiving child pornography in violation of 18 U.S.C. §2252A(a)(2). Upon conviction, these offenses involve a mandatory minimum imprisonment period of at least fifteen years and at least five years, respectively.

Summarized below are the facts and evidence derived from the investigation in this case that demonstrate the nature and circumstances of the Defendant's crime against minor children, the overwhelming weight of the evidence against the Defendant, and the nature and seriousness of

1

the danger that the Defendant presents to children with whom the Defendant could achieve contact in person or via the internet.

On November 30, 2022, the Defendant, who was at the time a teacher at a high school in St. Louis County, reported to his school and to law enforcement that he was performing inappropriate actions with students. This admission came the day after his girlfriend discovered digital evidence of child pornography in the Defendant's possession and made a report to the police. The Defendant gave multiple voluntary interviews to law enforcement in which he admitted that he was addicted to pornography and had viewed child pornography, and that he maintained a sexual interest in females ages 10 and up. The Defendant admitted that he had obtained child pornography via the file sharing site Mega and was part of an "underground" part of Mega, called "Club Creep" that was exclusively for pornography involving minors and voyeurism. The Defendant admitted that he had taken pictures of juveniles in his classroom that he found attractive and that he had paid one former student (when she was a young adult) to send him pornographic images via the internet. The Defendant further admitted that he had surreptitiously recorded a sixteen-year-old foreign exchange student who lived with him. He secretly recorded her in the bathroom and in his office at the high school, in doing so the Defendant captured images constituting child pornography. The Defendant also admitted that he secretly filmed an eighteen-year-old former foreign exchange student with a hidden camera in the bedroom where she slept. The Defendant confessed that he distributed images of both the foreign exchange students online to others.

The Defendant's girlfriend discovered his sexual interest in minors and she and his ex-wife delivered all of his electronics to the police on or about November 29, 2022, and afterward (as further items were located). Immediately before his electronics went to the police, the Defendant

attempted to delete all the illegal content on his devices per his admission to police and the forensic analysis of such electronics.

Forensic analysis of digital devices belonging to the Defendant revealed recordings made by hidden cameras placed in the Defendant's home (his family room, bedroom and bathroom) and in his office at the high school where he taught. The devices upon which evidence of child pornography or of hidden camera videos were located were forensically analyzed. The Defendant possessed about 64 videos depicting the juvenile foreign exchange student that were made by a camera hidden in a bathroom and the Defendant's high school office. Also located were screen shots of communications and images that the Defendant took after going through the cellular telephone of the juvenile foreign exchange student under his care, such communications and images were of a sexual nature between the juvenile and her juvenile boyfriend. In total, there were 260 video files depicting the sixteen-year-old foreign exchange student that were located in the Defendant's possession.

On the Defendant's Mega accounts, law enforcement located 340 images and 832 videos of child pornography that he has received over the internet, including depictions involving infants, toddlers, bondage, bestiality and the penetration of the genitals of minors. Also located were 9 videos of child pornography depicting the juvenile foreign exchange student as well as multiple other videos of that juvenile nude or semi-nude.

Also located was evidence of chats and communications between the Defendant (using the username S1ckhead and an individual who is believed to be a German national in which they discuss voyeurism, exchange voyeuristic images including files depicting the juvenile foreign exchange student. In these communications, the Defendant and this other individual discuss how to delete and obfuscate detection of evidence of voyeurism activity.

Based on the foregoing, the Government believes that there is clear and convincing evidence that the Defendant presents a danger to minors in our community and minors whose sexual abuse images he can obtain via the internet. The Government further believes that there are no conditions or combination of conditions that will reasonably assure the safety of other persons and the community. Wherefore, the Government respectfully requests this Court order the Defendant be detained prior to trial.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY

*/s/ Jillian S. Anderson*
JILLIAN S. ANDERSON
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200
(314) 539-2309 FAX
jillian.anderson@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of this document was filed with the Court's electronic file management system for service upon all parties and counsel of record on May 30, 2023.

*s/ Jillian S. Anderson*
JILLIAN S. ANDERSON, #53918(MO)
Assistant United States Attorney
jillian.anderson@usdoj.gov