# FJR

# FRANK, JUENGEL & RADEFELD

*Attorneys at Law P.C.*

MICHAEL M. FRANK - FOUNDING MEMBER
DANIEL A. JUENGEL - PRINCIPAL
MATTHEW A. RADEFELD - PRINCIPAL*
  *Also licensed in Illinois

JOSEPH W. FLEES - PARTNER*
BRYAN J. MATHEWS*
JENNIFER M. KUSMER*

June 5, 2023

Ms. Jillian S. Anderson
Assistant United States Attorney
111 S. Tenth Street, 20th Floor
St. Louis, Missouri 63102

Re:  <u>United States of America vs. Joseph Gutowski</u>
     Case No.: 4:23CR00270HEA/SPM

Dear Ms. Anderson:

In accordance with Fed.R.Crim.P. 16 and 12, as well as the controlling case law concerning discovery, the Court's local rules and the Order signed by Magistrate Judge Noce, Defendant Dennis Naumann, hereby requests the following pretrial disclosure of evidence and information.

1.  Any and all written or recorded statements made by the Defendant;

2.  Any and all written or recorded statements made by co-defendants and co conspirators (named and unnamed); as well as, any police reports pertaining to co-defendants);

3.  Any portion of any written record containing the substance of any relevant oral statement made by the Defendant, whether before or after arrest, in response to interrogation by any person then known to the Defendant to be a government agent;

4.  The substance of any oral statement made by the Defendant before or after his arrest in response to interrogation by a then known-to-be government agent which the prosecution intends to offer in evidence or trial;

5.  Grand jury testimony of any Defendant relating to the offenses charged or any witness related to this case;

Ms. Jillian S. Anderson
June 5, 2023
Page Two

6.      A written summary of the testimony the government intends to use at trial under Rules 702, 703, or 705, F.R. Evid., including a description of the witnesses' opinions, the basis and reasons therefor and the witnesses' qualifications including any forensic examiners or experts who evaluated computers seized in connection with this case;

7.      Description of and access to any books, papers, documents, photographs, tangible objects, vehicles, buildings or places which are material to the preparation of the Defendant's defense or which the prosecution intends to use as evidence at trial, or were used, obtained or belonging to the Defendant;

8.      The results or reports of physical or mental examinations, and of scientific tests or experiments, made in connections with this case, which are material to the Defendant's defense or are intended for use at trial;

9.      Disclosure to the Defendant and permission to inspect and copy all information and material known to this prosecutor which may be favorable to the Defendant on the issues of guilt or punishment within the Scope of *Brady v. Maryland*, 383 U.S. 83 (1963) and *United States v. Argurs,* 427 U.S. (1976);

10.     Disclosure to the Defendant of the existence and substance of any payments, promises of immunity, leniency, preferential treatment or other inducements made to prospective prosecution witnesses, as well as any and all material evidence affecting the credibility of any witness whose reliability may be determinative of Defendant's guilt or innocence, within the scope of *United States v. Giglio*, 405 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264 (1959);

11.     Disclosure of any witness that has entered into an agreement to plead guilty and who will be a cooperating witness in this case; the agreement that they made with the United States Attorney's office and the substance of what their testimony will be as it concerns the Defendant;

12.     Provide the arrest and prior conviction records of Defendant, and any informant, cooperating individual, or witness who will testify for the Office of the United States Attorney at trial;

Ms. Jillian S. Anderson
June 5, 2023
Page Three

13.     Provide notice of the nature and extent of consideration offered by the government or its agents, or sought by the government or its agents; on behalf of any informant herein in return for his or her cooperation and assistance, including:

      a.     The identity and existing statements of any confidential informant who may be called upon to testify in this case;

      b.     Any and all representations, promises or other consideration offered by the government, its cooperating agencies, or its agents to informants concerning alleged violations of informants of federal, state or local laws;

      c.     The precise nature of any monetary consideration offered or promised to informants including, but not limited to, a listing of funds paid to or on behalf of said informants by the government, its agents or cooperating agencies;

      d.     Any and all promises of assistance offered to informants relating to the disposition of known or potential criminal charges, state or federal, or the nature and extent of incarceration or conditions thereof;

      e.     Any other promises, inducement or considerations offered to said informants in exchange for their cooperation, assistance, information or testimony;

      f.     Any record maintained by the government showing the arrest and conviction record of any confidential informant.

14.     Disclosure as to whether the defendant was identified in any lineup, show up, photo spread or similar identification proceeding, and produce any pictures utilized or resulting therefrom;

15.     To advise the case agents and the law enforcement officers to preserve their rough notes and to indicate to the Defendant the existence of those rough notes;

Ms. Jillian Anderson
June 5, 2023
Page Four

16.     To advise the Defendant, pursuant to Fed.R.Evid. 404(b), within 14 days of the prosecutor's intention to introduce such evidence, the basis under which introducing will be supported, and of the general nature of that evidence;

17.     To transcribe the grand jury testimony of all witnesses who will testify for the office of the United States Attorney at the trial of this cause;

18.     Upon request deliver to any expert selected by the defense, who is presently registered with the Attorney General in compliance with 21 U.S.C. Sections 822 and 823 and 21 C.F.R. Section 1301.22(8), a sufficient representation sample of any alleged contraband, which is the subject of this indictment, to allow independent expert analysis of such sample;

19.     Upon request, permit the Defendant, his counsel and any experts selected by the defense to inspect any vehicle, vessel or aircraft allegedly utilized in the commission of any offenses charged. The prosecutor shall, if necessary, assist defense counsel in arranging such inspection at a reasonable time and place, by advising the government authority having custody of the thing to be inspected that such inspection has been ordered by the Court;

20.     Provide the Defendant, for independent expert examination, copies of all latent fingerprints or palm prints which have been identified by the prosecutor's expert as those of the Defendant;

21.     Provide the Defendant, for independent expert examination, copies of all handwriting exemplars, which have been identified by the prosecutor's expert as those of the Defendant;

22.     Disclose for inspection, and all things, objects, books or records that were seized in this case in order for the Defendant to determine whether he has the standing to file a motion to suppress.

23.     Disclosure of copies of any and all search warrants affidavits and returns of inventory relative to the prosecution of this defendant;

24.     Disclosure of all lab reports, ballistic reports, work or bench notes and lab analysis prepared in connection to this case.

Ms. Jillian S. Anderson
June 5, 2023
Page Five

25.  If the discovery provided is Electronically Stored Information (ESI) such as .pdf documents, word processing documents, spreadsheets, graphs, data, or data complications, DAD/CAM files, web sites, Voice-mail, e mail, test or instant messaging, photographs, audio, video or any content in a digital form, please provide it pursuant to the following protocols:

A.  Please label each item and identify it by case number.

B.  Please provide an inventory of and index of what is stored.

C.  Please organize ESI in the form that it is used in the usual course of business with its logical unitization (e.g. a FBI 302 report, followed by its attachments and related photographs)or in a *reasonably usable or accessible form*.  Fed.R.Civ.P. 34(a), (b)(B)(1).

D.  If the government intends to provide discovery electronically, that currently exists in hard copy, before deliver, the hard copy should be scanned into a high-quality .pdf format (using Adobe .pdf software) with an optical character recognition (OCR) overlay (using the U.S. Attorney's Ipro software or other comparable software) with Bates Numbers.

E.  If the discovery is voluminous, please confer with counsel prior to providing ESI discovery regarding the format in which it may be provided.

I know that this list is extensive, and I am sure that those items that are most important will be provided as soon as possible and that we can agree on when all of the others should be provided.  I would, however, request that you produce "motion Jencks"- statements of any and all witnesses you intend to call as witnesses at the motion hearing in this matter-within a reasonable time before the motion hearing in order to avoid any possible recesses and delays in that hearing, pursuant to Fed.R.Crim.26.2(d). Finally, I would request Fed. R. Crim. P. 12(B)(4)(B) notice of any arguably suppressible evidence so the defense can timely raise any issues by way of pretrial motion.

I understand some discovery has been provided.  If any of these items were not included or become available in the future, please provide them.

At this time the defense does not have any discovery to provide, however, if discovery becomes available it will be provided per your request.

Very truly yours,

Matthew A. Radefeld

MAR/kts

cc:     Court file